IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANNA LOBISCH, Individually and as Personal Representative of the ESTATE OF A.L., a Minor, Deceased, and as Next Friend of Z.L., a Minor; and JAMES LOBISCH, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ISLAND PALM COMMUNITIES, LLC, a Foreign Limited Liability Company; and DOE DEFENDANTS 1-50,<br><br>Defendants. | Civil No. 20-00370 HG-KJM<br><br>ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS |

ORDER DENYING PLAINTIFFS' EX PARTE
MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS

On August 27, 2020, Plaintiffs ANNA LOBISCH, Individually and as Personal Representative of the ESTATE OF A.L., a Minor, Deceased, and as Next Friend of Z.L., a Minor; and JAMES LOBISCH, Individually (collectively, "Plaintiffs"), filed an Ex Parte Motion for Leave to Proceed Under Pseudonyms ("Ex Parte Motion"). ECF Nos. 4-5. The Court finds this matter suitable for

1

disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Ex Parte Motion, the applicable law, and the record in this case, the Court DENIES the Ex Parte Motion.

## DISCUSSION

On August 26, 2020, Plaintiffs filed their Complaint against the United States of America, Island Palm Communities, LLC, and doe defendants (collectively, "Defendants"). ECF No. 1. The Complaint asserts claims against Defendants by Plaintiff Anna Lobisch, as personal representative of the estate of A.L., a deceased minor, and as next friend of Z.L., a minor, among other claims. The Complaint identifies the minors only by these initials. That same day, Plaintiffs filed the Ex Parte Motion, seeking leave to proceed in this case using only the minors' initials to keep A.L.'s and Z.L.'s identities confidential. ECF No. 4-1 at 2 ¶ 5.

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties." Fed. R. Civ. P. 10(a). There is a very narrow exception to this rule, which applies only under exceptional circumstances. *See United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." (citation and

internal quotation marks omitted)); *see also John Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358, 360 (2008).

The Ninth Circuit has enunciated the circumstances under which a court may exercise discretion to allow a party to proceed on an anonymous basis. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The touchstone for the analysis is to determine whether the "party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1067-68. The court specified the criteria that must be considered to determine whether an order to proceed anonymously is justified and held:

> [A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]

*Id.* (some alterations in original) (internal citations omitted); *Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015).

The Ex Parte Motion asserts that Plaintiffs seek leave to proceed using pseudonyms as to the minors because "federal law mandates keeping the identities of these minors confidential, if at all possible." ECF No. 4-1 at 2 ¶ 6. The

3

identities of A.L. and Z.L., however, are not confidential, as both minors' full names and pictures are readily and publicly available on various media outlets that reported on Plaintiffs' filing of this lawsuit. The Court thus finds that Plaintiffs fail to demonstrate a need for anonymity as to the minors and denies the Ex Parte Motion.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Ex Parte Motion (ECF No 4). Plaintiffs shall file an amended complaint that identifies A.L. and Z.L. by their full names no later than **September 7, 2020**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 31, 2020.



Kenneth J. Mansfield
United States Magistrate Judge

*Lobisch, et al. v. United States of America*, Civil No. 20-00370 HG-KJM; Order Denying Plaintiffs' Ex Parte Motion for Leave to Proceed Under Pseudonyms