IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANNA LOBISCH, Individually, and as Personal Representative for the Estate of Abigail Lobisch, a Minor, Deceased, and as Next Friend of Zachariah Lobisch, a Minor; and JAMES LOBISCH, Individually,<br><br>          Plaintiffs,<br><br>     vs.<br><br>UNITED STATES OF AMERICA; ISLAND PALM COMMUNITIES, LLC; DOE DEFENDANTS 1-10,<br><br>          Defendants. | CIV. NO. 20-00370 HG-KJM |

**ORDER DENYING DEFENDANT ISLAND PALM COMMUNITIES, LLC AND THE
UNITED STATES' MOTION TO DISMISS (ECF No. 54)**

Plaintiffs James Lobisch and Anna Lobisch, Individually, and as Personal Representative for the Estate of her deceased daughter, Abigail Lobisch, and as Next Friend of her son, Zachariah Lobisch, filed suit against the Defendants the United States of America and Island Palm Communities, LLC.

Plaintiffs claim that their 7-month old child, Abigail, died while she was in the care of Denise "Dixie" Villa ("Villa"), who was allegedly operating an unauthorized child care business in military housing leased and managed by Defendant Island Palm Communities, LLC.  Plaintiffs assert that Defendant Island Palm Communities, LLC's knew of the dangerous conditions and

1

unauthorized activities by Villa, failed to shut down Villa's childcare business, and failed to warn parents of child endangerment and neglect at Villa's business.

On March 31, 2021, the Court issued an Order Denying Defendant United States' Motion to Dismiss (ECF No. 57).

Defendant Island Palm Communities, LLC filed its own Motion to Dismiss that raises many of the same issues addressed in the Court's March 31, 2021 Order.

On April 15, 2021, the United States filed a Motion for Joinder to Island Palm Communities, LLC's Motion.  (ECF No. 63).

On May 4, 2021, the Court held a hearing on the Motion to Dismiss.  (ECF No. 72).  The Court granted the United States' Motion for Joinder.  (Id.)

Defendant Island Palm Communities, LLC and the United States' Motion to Dismiss (ECF No. 54) is **DENIED.**

## BACKGROUND

**According to the Second Amended Complaint:**

The Second Amended Complaint alleges that Defendant Island Palm Communities, LLC ("Defendant Island Palm") was the property manager of the house on the Aliamanu Military Reservation from which Villa ran her unlicensed commercial child care business. (Second Amended Complaint ("SAC") at ¶ 19, ECF No. 50).

Plaintiffs claim that Defendant Island Palm:

> was comprised of persons acting within the course and
> scope of their employment who were aware of Ms. Villa's

illegal child care facility, and aware that Ms. Villa's
illegal child care facility created an unreasonable
risk of bodily harm to all children who stayed there.
Defendant [Island Palm] knew or had reason to know of
the necessity and opportunity to halt the illegal child
care business, and to warn parents of the unreasonable
risk of harm posed by the illegal child care business,
but failed to take reasonable steps to protect those
children who stayed there.

(Id.)

The Second Amended Complaint alleges that in December 2017,
Defendant Island Palm was contacted by Villa's neighbor about
Villa's operation of an unauthorized child care facility.  (Id.
at ¶ 31).  Plaintiffs claim that Defendant Island Palm informed
the neighbor that she needed to call the Family Child Care Office
for the military reservation.  (Id.)

Plaintiffs allege that throughout January 2018 through April
2018, Defendant Island Palm was informed about conditions of
neglect and child endangerment at Villa's child care business,
but that it refused to take any action.  (Id. at ¶¶ 49-69).
Plaintiffs assert that in April 2018, Villa moved her child care
business to a different house after her neighbor reported her
activities.  (Id. at ¶¶ 70-72).  Plaintiffs claim the military
and Defendant Island Palm did not stop Villa's unlawful child
care business.  (Id.)

The Second Amended Complaint alleges that Villa returned her
child care business to her home in February 2019, and although
Defendants were informed, they did nothing to shut down her
activities.  (Id. at ¶¶ 76-78).

Plaintiffs state that Abigail Lobish and her brother were
left in overnight child care on February 23, 2019, at Villa's
home leased from Defendant Island Palm.  (Id. at ¶¶ 79-82).
Plaintiffs allege that Abigail died while in Villa's care after
she was given a lethal dose of Benadryl.  (Id.)  Following the
child's death, Villa's child care business was closed.  (Id. at ¶
83).

**STANDARD OF REVIEW**

**FED. R. CIV. P. 12(b)(1)**

A plaintiff has the burden of proving that subject-matter
jurisdiction does in fact exist.  Thornhill Publ'g Co., Inc. v.
Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Federal Rule of Civil Procedure 12(b)(1) requires that a
case must be dismissed for lack of subject-matter jurisdiction
when the Court lacks a constitutional or statutory basis to
adjudicate the controversy.  Fed. R. Civ. P. 12(b)(1); Leeson v.
Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir.
2012).

A challenge to the Court's subject-matter jurisdiction may
be "facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d
1035, 1039 (9th Cir. 2004).  In a facial attack, the party
challenging jurisdiction argues that the allegations contained in
a complaint are insufficient "on their face" to invoke federal
jurisdiction.  Id.  A facial challenge, therefore, mirrors a
traditional motion to dismiss analysis.  The Court must take all

allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the Complaint, divest the Court of subject-matter jurisdiction. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). No presumptive truthfulness attaches to the Complaint's allegations. Id. The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject matter jurisdiction is lacking. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence to satisfy its burden of establishing subject matter jurisdiction." Id.; Colwell v. Dep't of Health and Human Serv., 558 F.3d 1112, 1121 (9th Cir. 2009). Failure to present suitable evidence establishing subject-matter jurisdiction necessitates dismissal. Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011).

**FED. R. CIV. P. 12(b)(6)**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule

(8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555.

In Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

The Court reviewed the pleadings and filings relevant to Island Palm Communities, LLC's Motion to Dismiss (ECF No. 54). A hearing on the Motion was held on May 4, 2021. (ECF No. 72). At the conclusion of the hearing, the Court denied Defendant Island Palm Communities, LLC's Motion to Dismiss. This written order sets forth the basis for the Court's May 4, 2021 oral ruling.

### I.   Military Acronyms Not Permitted Going Forward

The overuse of acronyms throughout the pleadings is unhelpful. Going forward, the briefing and pleadings shall use the full names of the entities or documents at issue to ensure clarity.

### II.   The Court May Not Resolve Genuine Disputes Of Material Fact In A Motion To Dismiss

In a Motion to Dismiss, the Court cannot decide and resolve disputes of material fact. Disputes of material fact are determined at trial. A Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) is not a vehicle for summary judgment. A 12(b)(1) Motion is limited to resolving the question of subject-matter jurisdiction. Evidence provided to attack subject-matter jurisdiction may not be used to challenge the sufficiency of a pleading pursuant to a 12(b)(6) motion to dismiss.

## III. The Court's March 31, 2021 Order Stands As Law Of The Case

The Court has already ruled that sovereign immunity does not apply to the United States in this case.  The Court's March 31, 2021 Order (ECF No. 57) explained the legal basis for the ruling at length.  The Order stands as the law of the case and will not be restated here.

## IV.  Derivative Sovereign Immunity

Defendant Island Palm seeks dismissal of Plaintiffs' suit against it on the basis that it is entitled to "derivative sovereign immunity."

### A.   There Is No Sovereign Immunity From Which Defendant Island Palm Communities, LLC Can Derive Immunity

In the March 31, 2021 Order Denying Defendant United States' Motion to Dismiss (ECF No. 36), the Court ruled that the discretionary function exception to the Federal Tort Claims Act's waiver of sovereign immunity does not apply, and the Government is not entitled to sovereign immunity in this case.

Defendant Island Palm argues that even though the Government is not entitled to sovereign immunity, it should be entitled to "derivative sovereign immunity."

The Court disagrees.  "[The Defendant] cannot derive an immunity that [the Government] itself does not have."  In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig., 928 F.3d 42, 70

(D.C. Cir. 2019) (citing <u>Campbell-Ewald Co. v. Gomez</u>, 136 S.Ct. 663, 666 (2016)).  Numerous courts that have considered the issue have ruled that a private contractor cannot enjoy derivative sovereign immunity when it is acting on behalf of the government unless the government itself has sovereign immunity.  <u>Contango Operators, Inc. v. United States</u>, 965 F.Supp.2d 791, 814 (S.D. Tex. 2013) (finding that because no sovereign immunity has been established, there is no governmental immunity from which an immunity may be derived for the benefit of the contractor).

Courts have explained that the purpose of derivative sovereign immunity is to prevent the contractor from being held liable when the government is actually at fault but is otherwise immune from liability.  <u>In re World Trade Ctr. Disaster Site Litig.</u>, 456 F.Supp.2d 520, 560 (S.D.N.Y. 2006).

Here, the Government does not have sovereign immunity.  It has expressly waived sovereign immunity in the Federal Tort Claims Act and no exception to immunity applies.  There is no Government sovereign immunity in this case from which Defendant Island Palm may derive its immunity.  <u>See</u> <u>Federico v. Lincoln Military Housing, LLC</u>, 2013 WL 5409910, *5-*6 (E.D. Va. Sept. 23, 2013) (finding no derivative immunity to the military's housing contractor where the discretionary function exception did not apply).

**B.**   __Yearsley__ **Immunity**

Defendant Island Palm argues that even if the Government is not immune, it is entitled to derivative sovereign immunity pursuant to <u>Yearsley v. W.A. Ross Const. Co.</u>, 309 U.S. 18 (1940).

In <u>Yearsley</u>, a landowner asserted a claim for damages against a private company that performed work on a river pursuant to a contract with the United States government.  309 U.S. at 19. The landowner claimed the contractor's work damaged his land. <u>Id.</u>  The contractor argued that it was immune from suit because it was performing work on behalf of the United States government. The United States Supreme Court agreed and held that the government contractor was entitled to derivative immunity because (1) it simply performed as the Government directed and (2) its authority to carry out the project was validly conferred by Congress.  <u>Id.</u> at 20-21.

<u>Yearsley</u> immunity shields federal government contractors when sued "in connection with work which they do pursuant to their contractual undertaking with the United States."  <u>Campbell-Ewald Co.</u>, 136 S.Ct. at 672 (internal citations omitted). <u>Yearsley</u> immunity is not absolute.  <u>Brady v. Roosevelt S.S. Co.</u>, 317 U.S. 575, 580-81 (1943).

The Ninth Circuit Court of Appeals has explained that derivative sovereign immunity pursuant to <u>Yearsley</u> is limited to cases in which a contractor had no discretion in the design of the work to be performed and completely followed government

specifications in performing its obligations.  Cabalce v. Thomas E. Blanchard & Assocs., Inc., 797 F.3d 720, 732 (9th Cir. 2015).  Yearsley immunity is not available when the contractor fails to follow the Government's explicit instructions or when it violates federal law.  Campbell-Ewald, 136 S.Ct. at 672.

The United States Supreme Court ruled in Campbell-Ewald Co. v. Gomez, 136 S.Ct. 663, 672 (2016) that derivative sovereign immunity is less "embracive" than the immunity a sovereign enjoys.  It applies only when a contractor takes actions that are "authorized and directed by the Government of the United States" and "performed pursuant to the Act of Congress" authorizing the agency's activity.  Id. at 673.

Defendant Island Palm must establish "compliance with all federal directions" pertaining to its relevant conduct, including the regulatory and contractual obligations at issue, to prove derivative sovereign immunity pursuant to Yearsley.  In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig., 928 F.3d at 70 (quoting Campell-Ewald, 136 S.Ct. at 673 n.7).

There is no basis to find Yearsley immunity at this stage in the proceedings.  Plaintiffs allege in the Second Amended Complaint that Defendant Island Palm was aware that Villa was operating an unauthorized child care business in violation of the terms of her lease, but that it refused to take any action. (Second Amended Complaint ("SAC") at ¶¶ 19, 31, 49-50, 96-97, ECF No. 50).  The Second Amended Complaint alleges that Defendant

Island Palm "had the authority and ability to refuse to re-new the lease of Chief Petty Officer Villa's home ... due to the operation of an unauthorized child care center." (Id. at ¶ 96). Plaintiffs claim that despite this authority and ability, Defendant Island Palm renewed the lease. (Id. at ¶ 97).

At this point in the litigation, the Court is unable to determine what Defendant Island Palm did or did not do. The record is devoid of any facts for the Court to evaluate as to whether Defendant Island Palm Communities acted in conformity with its contractual obligations and any laws or regulations that the contract incorporates. The Court also lacks evidence regarding whether the military permitted or required Defendant Island Palm to deviate from the contract's terms under certain circumstances. In re KBR, Inc., Burn Pit Litig., 744 F.3d 326, 345 (4th Cir. 2014) (denying derivative sovereign immunity to a government contractor where the record was undeveloped and there were questions as to whether the military permitted the contractor to deviate from the contract's terms).

The Court finds that Defendant Island Palm is not entitled to "derivative sovereign immunity," because there is no sovereign immunity from which it can derive immunity. Even if it could derive sovereign immunity, the Court is unable to find that derivative sovereign immunity is applicable. There are questions of fact as to the amount of discretion Defendant Island Palm had in providing services to the military and whether it "completely

13

followed government specifications" in performing its obligations.  <u>Cabalce</u>, 797 F.3d at 732.

Defendant Island Palm's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED.**

## V.   PLAINTIFFS HAVE SUFFICIENTLY PLED THEIR NEGLIGENCE CAUSES OF ACTION

Defendant Island Palm also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiffs have failed to allege sufficient facts to support negligence causes of action.

### A.   A Special Relationship Exists Between Plaintiffs And Island Palm Communities, LLC

The Court explained in the March 31, 2021 Order that Hawaii state law imposes a duty to control the conduct of another in order to protect a third party when a special relationship exists.  (See Order at pp. 27-29, citing  <u>Lee v. Corregedore</u>, 925 P.2d 324, 329 (Haw. 1996); <u>Hanakahi v. United States</u>, 325 F.Supp.2d 1125, 1131 (D. Haw. 2002), ECF No. 57).

Just as in the March 31, 2021 Order (ECF No. 57 at pp. 30-31), the Court finds here that a special relationship exists between Plaintiffs and Defendant Island Palm.  <u>See</u> Restatement (Second) of Torts § 315; Restatement (Second) of Torts § 319; Restatement (Second) of Torts § 324A.

Here, the Second Amended Complaint contains numerous

14

allegations that Defendant Island Palm owed Plaintiffs and Abigail Lobisch a duty of care because it knew or should have known that Villa's unauthorized childcare operation on the military reservation was likely to cause harm to children.  (SAC ¶¶ 99-106, ECF No. 50).

Plaintiffs' Second Amended Complaint asserts Defendant Island Palm had a special relationship to all children who received child care at Villa's uncertified childcare facility and it had a duty to investigate and a duty to warn parents of children of unsafe conditions and neglect it was aware was occurring.  (Id. at ¶¶ 103-04).

The Second Amended Complaint contains numerous allegations that Defendant Island Palm was repeatedly informed that Villa was engaging in unauthorized child care resulting in dangerous conditions, harm, and neglect of children.  (Id. at ¶¶ 19, 31, 49-50, 96-97).

Plaintiffs have sufficiently alleged that a special relationship existed between Plaintiffs and Defendant Island Palm.  There are allegations that Defendant Island Palm had a responsibility to oversee the housing on the military reservation, and that it had a duty to protect children who received child care at Villa's facility because it knew or should have known that Villa and her unauthorized childcare facility posed a risk to the children placed in her care.  Wada v. Aloha King, LLC, 154 F.Supp.3d 981, 997 (D. Haw. 2015); see Williams v.

15

<u>United States</u>, 711 F.Supp.2d 1195, 1207-09 (D. Haw. 2010).

**B.    Whether The Harm To Plaintiffs Was Reasonably Foreseeable**

Defendant Island Palm argues that the death of Abigail Lobisch was not reasonably foreseeable and Plaintiffs should be barred from recovering any damages on their negligence causes of action.  Defendant makes nearly identical arguments that the Court previously rejected in its March 31, 2021 Order Denying the Government's Motion to Dismiss.  (Order at pp. 31-33, ECF No. 57).

The Hawaii Supreme Court has explained that the test of whether the harm suffered by a plaintiff is reasonably foreseeable "is whether there is some probability of harm sufficiently serious that a reasonably prudent person would take precautions to avoid it." <u>Pulawa v. GTE Hawaiian Tel</u>, 143 P.3d 1205, 1215 (Haw. 2006) (quoting <u>Knodle v. Waikiki Gateway Hotel, Inc.</u>, 742 P.2d 377, 384-85 (Haw. 1987)).

A defendant who has a special relationship with the victim of a crime owes a duty to protect the victim from unreasonable risk of harm and is liable for foreseeable criminal acts.  <u>Polm v. Dep't of Human Servs.</u>, 339 P.3d 1106, *18 (Haw. App. Dec. 30, 2014) (citing <u>Knodle</u>, 742 P.2d at 384-85)).

Defendant Island Palm may be liable for foreseeable harm based on the special relationship present in this case.  <u>Knodle</u>, 742 P.2d at 384-85 (holding that the hotel had a special

relationship with a hotel guest so as to have a duty to protect the guest from any foreseeable criminal acts).

The questions as to whether the harm in this case was foreseeable are questions of fact for trial. <u>Pulawa</u>, 143 P.3d at 1215. The questions of notice, causation, and whether the specific acts or omissions of Defendant Island Palm were such that the ultimate injury to the Plaintiffs reasonably flowed from the breach of its duty are questions for the trier of fact. <u>Id.</u> Disputed factual questions may not be resolved on a Motion to Dismiss.

Defendant Island Palm and the United States' Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED.**

## <u>CONCLUSION</u>

Defendant Island Palm Communities, LLC and the United States' Motion to Dismiss (ECF No. 54) is **DENIED.**

IT IS SO ORDERED.

DATED: May 26, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

<u>Anna Lobisch, Individually, and as Personal Representative for the Estate of Abigail Lobisch, A Minor, Deceased, and as Next Friend of Zachariah Lobish, A Minor; and James Lobisch, Individually v. United States of America; Island Palm Communities, LLC; Doe Defendants 1-10</u>, Civ. No. 20-00370 HG-KJM; **ORDER DENYING DEFENDANT ISLAND PALM COMMUNITIES, LLC AND THE UNITED STATES' MOTION TO DISMISS (ECF No. 54)**